IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY

**CHARLES EWELL,**

    **Petitioner,**

v.                                **Case No. 5:06-cv-01035**

**T.R. CRAIG[1], Warden,
FCI Beckley, and THE UNITED
STATES PAROLE COMMISSION**

    **Respondents.**

## PROPOSED FINDINGS AND RECOMMENDATION

This is an action for habeas corpus relief, filed pursuant to the provisions of 28 U.S.C. § 2241. Pro se Petitioner, Charles Ewell, was incarcerated at FCI Beckley. This case was referred to this United States Magistrate Judge by standing order to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). Petitioner filed a Petition for Writ of Habeas Corpus, and supporting exhibits, on December 11, 2006. (Docket sheet document # 1). An Order to Show Cause (# 6) required the filing of a Response (# 7), which is supported by exhibits. After receiving an extension of time to file a reply, Petitioner filed a Reply to Respondent's Response to Order to Show Cause on February

---

[1] T. R. Craig is now the Warden at FCI Beckley. The Clerk is directed to substitute Warden Craig as a Respondent, in place of Charles Felts, and to modify the docket sheet accordingly.

26, 2007 (# 10). This matter is ripe for determination.

## FACTS AND PROCEDURAL HISTORY

Petitioner is a District of Columbia prisoner who was housed at the Federal Correctional Institution at Beckley, West Virginia at the time he filed his section 2241 petition. Petitioner's relevant criminal history, as stated by Respondent in the Response to the Order to Show Cause, is summarized below.

On November 12, 1991, Petitioner was sentenced to an 18-year prison term by the Superior Court of the District of Columbia for attempted robbery and possession of a firearm during a crime of violence or dangerous offense. (# 7, Ex. 1). At the time of the attempted robbery and firearms offenses, Petitioner was on parole from a 30-year prison term imposed on August 23, 1976, by the Superior Court of the District of Columbia for armed robbery and a violation of the Bail Reform Act. (Id., Ex. 2, pp. 3-5).

Petitioner was paroled on November 20, 1997 by the former District of Columbia Board of Parole ("the D.C. Board"). (Id., Ex. 3). On October 20, 1998, Petitioner was arrested on a charge of assault with a deadly weapon, which was also in violation of his conditions of parole. (Id., Ex. 4 at 3; Ex. 5). On October 22, 1998, the D.C. Board issued a parole violator warrant for Petitioner based upon those new charges. (Id., Ex. 4 at 1-2).

On March 8, 1999, Petitioner pled guilty to charges of burglary and assault with intent to commit robbery, and was

2

sentenced to two to six years on the burglary charge and four to twelve years on the assault charge, with the sentences to run concurrently. (Id., Ex. 5).

On March 28, 2002, an examiner for the United States Parole Commission ("USPC") conducted an initial parole hearing on Petitioner's 1999 sentence. (Id., Exs. 6 and 7). By Notice of Action dated April 17, 2002, the USPC denied Petitioner parole and continued him to a three-year reconsideration hearing in March of 2005. (Id., Ex. 8).

Petitioner was given a reconsideration hearing on his 1999 sentence on June 7, 2005. (Id., Exs. 9 and 10). By Notice of Action dated July 7, 2005, the USPC informed Petitioner that he was continued to a presumptive parole on October 20, 2006. (Id., Ex. 11). After a pre-release record review, on May 9, 2006, the USPC informed Petitioner that his presumptive parole date was converted to a parole effective date, with the release to be made to the actual physical custody of the detaining authorities. (Id., Exs. 12 and 13).

Petitioner was paroled on October 20, 2006 to a detainer from the USPC. (Id., Ex. 14). He was arrested on the violator warrant issued by the former D.C. Board in 1998, and he remained in custody at FCI Beckley. (Id., Ex. 15).

At the time that Respondent filed the Response to the Order to Show Cause, Petitioner was scheduled for a revocation hearing

during the week of January 8, 2007 at FCI Beckley. (# 7 at 2). According to the Bureau of Prisons' website, Petitioner was released from FCI Beckley on February 6, 2008.

## **ANALYSIS**

Petitioner's section 2241 petition asserts that he:

> is being held illegally in the custody of the [FCI Beckley], by the sole authority of the U.S. Parole Commission's parole violation warrant, which according to Federal Regulations **shall** have been addressed simultaneously in a single parole/reparole decision when Petitioner's consideration for parole was determined by the Commission in March 2002 and July 2005.

(# 1 at 2). Petitioner relies upon 28 C.F.R. § 2.81(c), which provides:

> If the prisoner is eligible for parole on a new D.C. Code felony sentence but the prisoner's parole violation term has not commenced (i.e., the warrant has not been executed), the Commission shall make a single parole/reparole decision by applying the guidelines at § 2.80. The Commission shall establish an appropriate date for the execution of the outstanding warrant in order for the guidelines at § 2.80 to be satisfied.

Petitioner also relies upon 28 C.F.R. § 2.100(b), which provides:

> If the parolee is serving a new sentence of imprisonment, and is eligible and has applied for parole under the Commission's jurisdiction, a dispositional revocation hearing shall be scheduled simultaneously with the initial hearing on the new sentence.

Petitioner's section 2241 petition contends that his 2002 and 2005 hearings should have been conducted as a combined parole release/dispositional revocation hearing, and that a single parole/reparole decision should have been made on all of his sentences. Petitioner asserts a denial of due process on this

4

basis, and seeks a writ of habeas corpus to quash the parole warrant/detainer and ordering Petitioner's immediate release to his already approved parole plan. (# 1 at 14).

In the Response to the Order to Show Cause, Respondent admitted that the USPC should have conducted a combined parole release/dispositional revocation hearing, in order to make a comprehensive decision on a new release date, in accordance with 28 C.F.R. §§ 2.81 and 2.100(b). However, Respondent asserts that the USPC's failure to comply with the regulations does not entitle Petitioner to release from custody, but rather entitles him to a parole revocation hearing and a determination of a release date from all of his sentences. See Northington v. U.S. Parole Comm'n, 587 F.2d 2 (6th Cir. 1978)(under the federal parole laws, remedy for a late revocation hearing is to compel the hearing and a decision, not release from custody); Smith v. United States, 577 F.2d 1025, 1028 (5th Cir. 1978)(same); Bryant v. Grinner, 563 F.2d 871 (7th Cir. 1977)(same); Gaddy v. Michael, 519 F.2d 669 (4th Cir. 1975)(in order to obtain habeas relief from the delay in a revocation hearing, the petitioner must prove prejudice from the delay). (# 7 at 4).

Respondent further asserts that Petitioner was not denied due process as a result of the failure to conduct the combined hearing. Moody v. Daggett, 429 U.S. 78 (1976)(parolee is not entitled by due process to a parole revocation hearing until after he completes

5

service of a new prison term and is arrested on parole violator warrant). (Id.)

Section 2241 of Title 28 of the United States Code provides in pertinent part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless -
>
>> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof;
>>
>> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process judgment or decree of a court or judge of the United States; or
>>
>> (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c). The writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95 (1973).

Furthermore, Article III, Section 2 of the United States Constitution provides that federal courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). The "litigant must have suffered, or be threatened with an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of

6

>    the parole) constitutes a concrete injury, caused by the
>    conviction and redressable by invalidation of the
>    conviction. Once the convict's sentence has expired,
>    however, some concrete and continuing injury other than
>    the now-ended incarceration or parole-some "collateral
>    consequence" of the conviction-must exist if the suit is
>    to be maintained.

Spencer v. Kemna 523 U.S. 1, 7 (1998)(jurisdiction did not exist after the petitioner was released from prison and his term of imprisonment expired).

In the instant case, because Petitioner has been released from custody at FCI Beckley and there are no apparent collateral consequences related to the failure to provide Petitioner with a combined parole release/dispositional revocation hearing, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's claims are now rendered moot.

Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** Petitioner's section 2241 petition (# 1), and dismiss this civil action from the docket of the court.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby filed, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of

this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to opposing parties, Judge Johnston and this Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation," to mail a copy of the same to Petitioner at 4326 14th Street, N.W., Washington, DC 20070, which is the address Petitioner provided upon his release from FCI Beckley, and to transmit a copy to counsel of record.

    March 5, 2008
            Date

Mary E. Stanley
United States Magistrate Judge